IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ABDEL SALEH,
    Plaintiff,

v.

BLAKE VANDEVANTER,
    Defendant.

Case No. 2:25-cv-02226-JEH

**Merit Review Order**

    Plaintiff Abdel Saleh, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Danville Correctional Center ("Danville"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

    Plaintiff files suit against Dietary Supervisor Blake Vandevanter. Plaintiff alleges the Illinois Department of Corrections hires dietitians to plan menus and

"calculate every calorie in order for each person to receive the minimal amount of calories…." (Doc. 1 at p. 6). Plaintiff alleges the dietary staff at Danville do not provide a nutritional diet that meets legal requirements. Additionally, the dietary staff allegedly "abuse their authority by either serving partial portions or not serving it at all, and they do not give any substitution in its place." *Id.* Plaintiff alleges he submitted multiple grievances to no avail.

II

Under the Eighth Amendment, a prisoner's diet must provide adequate nutrition. *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). For a prison official to be liable under the Eighth Amendment, the plaintiff must demonstrate that the deprivation suffered was objectively, sufficiently serious, and the official has acted with deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). "[A] prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (adequate food is among the minimal civilized measures of life's necessities). "[I]n some circumstances, the withholding of food may be sufficiently serious to satisfy the objective competent of the *Farmer* test. *Williams v. Shah*, 927 F.3d 476, 480 (7th Cir. 2019) (citations omitted). "To assess whether the particular withholding of food meets *Farmer*'s objective prong, a 'court must assess the amount and duration of the deprivation.'" *Id.* (quoting *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)). *See also Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (noting that the withholding of food can in some circumstances meet the objective prong of *Farmer* depending on the amount and duration of the deprivation, as well as the medical condition of the inmate).

"Second, the inmate must demonstrate that the prison official had a sufficiently culpable state of mind. In a case involving prison conditions, that state of mind is deliberate indifference to inmate health or safety." *Williams*, 972 F.3d at 480 (citing *Farmer*, 511 U.S. at 834). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff named Dietary Supervisor Vandevanter as a Defendant, but he did not include any specific allegations to demonstrate that he was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Vandevanter cannot be liable solely based on his role as Dietary Supervisor. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Vandevanter is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

III

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff sent a letter to two law firms to request representation. (Doc. 5-1 at pp. 1-2). Plaintiff did not indicate whether he received a response. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *See Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied, with leave to renew. If Plaintiff renews his Motion, he is directed to attach additional copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

**1)   Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, this matter will be dismissed with prejudice.**

      2)      Plaintiff's Motion to Request Counsel [5] is DENIED.

      3)      Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and, if released from detention, Plaintiff's phone number. Failure to do so will result in dismissal of this case, with prejudice.

*It is so ordered.*

Entered: September 9, 2025

s/Jonathan E. Hawley<br>U.S. District Judge