IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ABDEL SALEH,<br>    Plaintiff,<br><br>v.<br><br>BLAKE VANDEVANTER,<br>    Defendant. | Case No. 2:25-cv-02226-JEH |

**Merit Review Order**

Plaintiff Abdel Saleh, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Danville Correctional Center ("Danville"). (Doc. 9). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A.

**I**

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II

During the relevant period, Plaintiff was incarcerated at Danville. Plaintiff files suit against Head Dietary Supervisor Blake Vandevanter and Dietary Supervisors Pierce, Manno, Ferguson, and Guyer. Plaintiff alleges the Illinois Department of Corrections hires dietitians to plan menus for inmates and "calculate every calorie in order for each person to receive the minimal amount of calories…." (Doc. 9 at p. 6). Plaintiff alleges dietary staff at Danville do not provide an adequate diet and "abuse their authority by either serving partial portions or not serving it at all, and they do not give any substitution in its place." *Id.*

Plaintiff includes a detailed list of the specific food items that were not served between October 20, 2024 and February 22, 2025. For instance, on October 23, 2024, one pancake was missing at breakfast and pickles were missing at dinner. On December 6, 2024, Plaintiff received only a half portion of taco meat at lunch.

On January 14, 2025, Plaintiff alleges two ounces of onions and peppers were missing from his dinner. Plaintiff complained to Defendant Manno, who indicated Defendant Vandevanter orders the food.

Plaintiff references Defendant Guyer regarding the meal on January 17, 2025, and Defendant Manno regarding the meal on January 19, 2025, but his allegations are incoherent.

Plaintiff alleges he submitted multiple grievances, to no avail. Plaintiff alleges every time he filed a grievance "they start looking at me in a crazy way." *Id.* at p. 6.

III

Under the Eighth Amendment, a prisoner's diet must provide adequate nutrition. *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). For a prison official to be liable under the Eighth Amendment, the plaintiff must demonstrate that the deprivation suffered was objectively, sufficiently serious, and the official has acted

with deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). "[A] prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (adequate food is among the minimal civilized measures of life's necessities). "[I]n some circumstances, the withholding of food may be sufficiently serious to satisfy the objective competent of the *Farmer* test. *Williams v. Shah*, 927 F.3d 476, 480 (7th Cir. 2019) (citations omitted). "To assess whether the particular withholding of food meets *Farmer*'s objective prong, a 'court must assess the amount and duration of the deprivation.'" *Id.* (quoting *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)). *See also Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (noting that the withholding of food can in some circumstances meet the objective prong of *Farmer* depending on the amount and duration of the deprivation, as well as the medical condition of the inmate).

"Second, the inmate must demonstrate that the prison official had a sufficiently culpable state of mind. In a case involving prison conditions, that state of mind is deliberate indifference to inmate health or safety." *Williams*, 972 F.3d at 480 (citing *Farmer*, 511 U.S. at 834). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff named Dietary Supervisors Pierce and Ferguson as Defendants, but he did not include any specific allegations against them in his Amended Complaint.

Plaintiff made a brief reference to Defendant Guyer regarding the meal on January 17, 2025, but his allegations are unclear. (Doc. 9 at p. 7). Plaintiff made a brief reference to Defendant Manno regarding the meal on January 19, 2025, and alleged he complained to Defendant Manno about being shorted two ounces of peppers and onions from his meal on January 14, 2025. Plaintiff's sparse allegations are insufficient to proceed on an Eighth Amendment claim against Defendants Guyer and Manno.

Regarding the Head Dietary Supervisor Defendant Vandevanter, Plaintiff alleges Defendant Manno informed him that Defendant Vandevanter orders the food. Plaintiff did not include any specific allegations to demonstrate that Defendant Vandevanter was personally involved in any constitutional deprivation or allege that he complained to Defendant Vandevanter about the food. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Vandevanter cannot be liable solely based on his role as Head Dietary Supervisor. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff fails to state a claim against Defendant Vandevanter.

Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Any further amendment would be futile because Plaintiff has had multiple opportunities to state an actionable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

**1)      Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds any further amendment would be futile. The Clerk is directed to close this case and enter judgment.**

**2)      This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.**

**3)      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: December 10, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge